70-16 Samuel Hill against the Secretary of Veterans Affairs, Mr. Raven. May it please the Court, good morning. My name is Sean Raven. I represent Mr. Hill on a pro bono basis before the Court. The issue before the Court is whether or not the Department of Veterans Affairs has an obligation under 5103 AD to provide probative examinations when they are trying to meet their obligation to provide assistance to provide a medical examination to veterans. Veterans have a unique right to assistance from the Department of Veterans Affairs in establishing their claims for service connection. This right includes assistance in the form of medical examination or medical opinion when one is necessary to decide the claim. The controversy before the Court is whether or not these opinions have to be probative in order to satisfy the duty to assess. Can you tell us what you mean by probative because there are a lot of terms thrown around, inadequate, inconclusive, conclusive. What exactly do you mean? Certainly. Probative as defined by this Court in Hogan and Fagan means that it offers evidence either for the claim or against the claim. Specifically, whether or not there is an etiology opinion that a current disability such as a back disability, a diagnosed back disorder is at least as likely as not related to a service injury, disease, or some type of occurrence. Under 5107B of 38 U.S.C., a veteran need only establish that it's at least as likely as not under the benefit of doubt that an injury suffered in service is the cause of a disorder. So, if the theory that there's service connection is speculative, would be entirely speculative. In other words, there's really not a basis upon which one can conclude that there is service connection. Is that not enough? No. Isn't that a probative opinion? It says it's speculative. That's the only level it meets. Why isn't that satisfactorily probative? The reason why a speculative opinion has no probative value is because it's inconclusive. An examiner is unable to offer an opinion whether or not it's at least as likely as not that a disability is related to service connection. Why isn't that answer that question? I mean, if you say it would be, he says, in the absence of any documentation to do X, Y, and Z, it would be the only argument as to whether or not there's a nexus would have to be based only on unfounded speculation. Why doesn't that tell us enough? That answers the question. No, the best you could show was entirely speculative. I'm really not understanding about that. Because under 5107B, our veterans have a unique opportunity to get service connected for a disability if it's at least as likely as not. Right. So, that means, yes, but saying that it would be entirely speculative answers the question that it's not at least as likely as not. It would be unfounded speculation. He didn't say it's at least as likely as not. He could have said that. If he had thought that, he probably would have said that, but he didn't. But if he said that, he would win, the veteran would be entitled to service connection. And he didn't find that. Yeah. He found something entirely different, which is it's not at least as likely as not. There's really no basis. If you asked me to conclude whether there's connection, I'd have to say all we've got is unfounded speculation. That's all we've got. That's what he said. Does speculation mean to you that perhaps yes or perhaps no, that we don't know? Or does it mean that there's just an absence of any type of information out there upon which to form a medical opinion? And therefore, that itself answers the question, and it's probative that the disability, the injury is not service connected. Exactly as you mentioned it. If an examiner says, there's evidence for this claim and there's evidence against this claim, but I can't provide an opinion without speculating, the examiner doesn't truly understand what is being asked of him or her. Because if an examiner says, well, on one hand, it could be related to service, and on the other hand, it may not be related to service, under 5107B, the veteran in our system gets benefits because it's at least as likely as not. So if there's a tie, the veteran gets a benefit. Absolutely. The veteran wins. That's our system. It's so generous, and it's so hard to get there if someone says, I cannot provide an opinion. You didn't cite a case to that effect, though, did you? To 5107B? No, if there's a tie, the veteran wins. In Jones v. Shinseki, Judge Lance wrote a very nice concurring opinion to point out that the problem with a lot of the medical opinions from VA is, if there are two causes for a veteran's current disability, and one of them is related to service, if they're both co-equal, then under 5107B, the veteran is supposed to get service connected benefits for that disability. In Mr. Hill's case, he's . . . Well, how do you take away to be, and this is the other part of Judge Reyna's question, he says it would be unfounded speculation to conclude that there was a nexus, that there was a service connection. How does that not answer your question that no, the evidence wasn't an equipoise? There was no basis. It would be, the only way I could see the connection would have to be unfounded speculation. That answers, not in so many words, but in so many words, that answers your question, right? No, I would disagree with you because I think that the problem that we're getting hung up on is whether or not there's an inability to opine versus providing an opinion that it's not likely that the veteran's current disability is related to service. When a doctor says, I can't provide an opinion without resorting to speculation, that's purely, it's very cut and dry. I can't provide an opinion, I can't provide an opinion without resorting to speculation, I can't provide an opinion on your question without resorting to speculation, and I can't provide an opinion linking this to service without speculation, are all the same. They're all the same questions. They mean that the doctor cannot provide an opinion. When that happens, the veteran's left in the same position when he started or she started, which was that there's no evidence that the due to assist hasn't been satisfied because there's no evidence which is assisting VA to decide the claim. Isn't that in the inquiry? Once you get a medical opinion, whether it's speculative or not, doesn't that in the inquiry whether the secretary has fulfilled the duty to assist? No, because the secretary's duty to assist is not satisfied merely by providing an examination or opinion. Examination or opinion has to meet certain standards. There have been many decisions which have stated that, for example, that when an examiner doesn't consider the factual background or the medical history, that the examination is inadequate because it doesn't satisfy the medical history. Those cases are different. Those tangibly, you can point to the fact that in order to give a medical opinion, you have to look at the veteran's medical history. If there's a failure to do that, then obviously it's not the kind of opinion that one would contemplate. That's different than this case. It's different in the sense that you have an opinion, but the opinion has a faulty foundation. There's a faulty factual predicate. There's something wrong. These physicians, Dr. Muller in this case, looked at all of the relevant evidence he could find. So there's no problem that he didn't do his job as is contemplated by the statute by not considering the record at its entirety. He did look at all the evidence, but the problem is in the conclusion. VA has an obligation not only to provide an examination, but regardless, they're also, in this case, required to provide an opinion which is sufficient for rating purposes or for the claim, which is either for or against the claim. If he said- But what his opinion was, there is nothing other than unfounded speculation to support a service connection. That's what he said. Why is that insufficient to understand and appreciate what his conclusion was? If you were to phrase it in a certain way that you were to phrase it, which is not how it was phrased, it would be an opinion which would be against nexus, such as, based on my review of the evidence, it's unlikely that the veteran's disability is related to his back injury in service. That's cut and dry. But that's not what this says. So you're saying it would be okay if he says, it's based on my review of the evidence, there is not a basis other than unfound- Upon which to conclude there was service connection. You think that would be okay. No. But what he said wasn't? No. What he said was, in the absence of better documentation, I cannot state that the veteran's current low back pain is the result of low back pain treated in military service without resort to unfounded speculation. Well, what should, on your position, what should have happened? Are you saying they should have continued to get medical examinations until some physician or other would give a more likely than not result on either side, rather than saying, in my medical judgment, there isn't enough evidence to tell? Yes, because an examiner should be asked to either provide an opinion as to whether it's at least as likely as not. When an examiner says that I can't tell, it could go either way, that's a 5107B solution. And as Judge Lance wrote in his concurrence, the veteran would be entitled to service connection. Shouldn't that be your argument that when you have a medical opinion that's speculative or doesn't answer the question one way or the other? Or let me restate that. You have a medical opinion that doctor says, I don't have enough information in order to make a determination whether the speculative at best. Now, you're arguing that that opinion does not meet the duty to assist the veteran. But shouldn't you be arguing that under case law, that that opinion should count and that it should count towards a veteran and getting the veteran the benefits? Yes. Because we're left with a problem. What happens if you throw out that opinion? Right. You're absolutely correct in that situation. The problem is that the way that questions are asked to doctors, if they don't understand the question, is it at least as likely as not, they might respond back, I can't tell whether it's at least as likely as not that his disability is due to service because it could be related to service or could be related to after service. You see, that's indication that he does, that it's at least as likely as not. But I don't want to confuse anyone, but yes, you're exactly right. That's the type of opinion which actually is not a speculative opinion, but actually shows that it's at least as likely as not. It meets the benefit of the doubt. It's at least as likely as not. And that's why it would be a non-speculative opinion. When a doctor definitely says, I can't opine without resorting to speculation, then the trouble there is that it leaves the veteran in the same position before they provide an opinion in the first place. A lot of times, the information that's missing, say it's service records that are burned down and destroyed from the NPRC fire. What happens if there are no records at all and the doctor says, I can't provide an opinion without resorting to speculation because I have no records. Does that veteran get completely written out for any type of VA benefits because his records were destroyed? No, nobody is saying that at all. In this case, look at what the medical opinion. He looked through all the records and he found an absence of any reference to this. So we had the records and we found an absence and he drew the right conclusion, right? If your position, if I can understand it correctly, would be that this is a negative medical opinion saying that there is no medical analysis. I'm not reaching any conclusion. I'm reading his report. He says I was just contrary and there are no records to document the presence of the problem intermittently. That's not suggesting that somebody burned the records. A lot of times there is no documentation. It's just usually veterans are self-treating and not a complaining group. But to answer your question, in the absence of any records when someone says I'm unable to provide an opinion without resorting to speculation, that is an inconclusive medical opinion that can't satisfy the duty to assist. The lower court held that this opinion was inconclusive. It was mirroring what the board also held that as the court said, the board also observed on page two of its opinion, the very last page on that page two, last sentence, the board also observed Dr. Mueller's inability to opine that Mr. Hill's low back disability was related to service without resorting to speculation. There's a difference between opine, inability to opine and inability to opine. So at that point, the court is acknowledging that even the board found that his inability to opine. Okay, let's, let's hear from the secretary. Ms. Grigsby. May it please the court. This case is about Mr. Hill's desire to receive an unequivocal opinion that his lower back pain was service connected. He doesn't want an unequivocal opinion, he wants a more likely, he wants the more likely than not on either side, which was exactly and correctly asked of the physician who didn't use exactly those words in responding. Yes, your honor. However, as we'll show, this is really a question of semantics and the terminology used by the particular case in the record. But first, do you agree that the standard is more likely than not? That's the basis upon which he would be entitled to service connection. Yes, your honor, that the, if his disability was more likely than not service connected, that would be the standard. However, in this case, as in the record on pages 88 through 90, the examiner simply did not say that he couldn't opine at all. He gave four distinct reasons why he could not find that the lower back pain was service connected, namely that there was only one episode. He didn't find it was not service connected. If there was a definitive finding of no service connection, we wouldn't be here. Yes, your honor, the way it was phrased, the examiner left room that there is a possibility, a distinct possibility that it could be service connected. However, that distinct possibility could not be substantiated with any medical evidence in the record or that currently exists. And the reason why he was given his medical opinion that there's a distinct possibility of a service connection. So under the case law cited by your opponent, shouldn't the board at that point said, well, we'll find that it is service connected? No, your honor, when I say distinct possibility, I mean within the range of lower than 49 or percent. I mean, a possibility could be one in a thousand, but he pointed out. So if the doctor says, I can't make up my mind, but there's a 15% possibility that there's a service connection, then shouldn't that be enough to find that, to award the service connection judgment? No, your honor, because throughout the whole process, according to 5107A, the veteran must substantiate his claim. So a 15% possibility, it's still not the same as the more likely than not standard. And in this case, the examiner used the specific term unfounded speculation, not merely, there's a great possibility or a high possibility. The examiner left room that there could possibly be evidence, which is not available that no one has access to, that possibly could show. No, he didn't say that. I think let's stick with what the examiner said. Exactly. And as I was trying to point out, the examiner, the context for the examiner's opinion was that he pointed out that there was one episode of back strain in service, that there was no mention of back pain during the discharge examination, that there were no records of intermittent back problems, and that a note from Mr. Hill's charts stated that he started having back problems in 1999. And that note is from 2002. And based upon those four factors, the exact terminology he used is that he could not say that his back pain was related to his service. The veteran's current lower back pain is the result of the low back pain treated in military service without resort to unfounded speculation. So when the examiner did not respond, was asked to give an opinion as to what was more likely than not. He didn't say, in my opinion, it is not likely, not more likely than not. Shouldn't the VA somehow, the board, or at least the this sort of vague and say, well, it would be speculation to say it's service-connected. So I'm not going to, not going to do so. That's not as definitive as we need. These are serious, important compensation rights for veterans. The examiner didn't respond to the inquiry. Should not, isn't it the obligation of the VA to at least assure that their question is answered? In this case, the VA determined that their question was answered and they used the framework that they set out in Jones versus Shinseki, which is in response to this court's precedence in Hogan and Fagan. And in that, using that test, which is when an examiner has done all that reasonably should be done to become informed about a case, however, and the inability to render a requested opinion is adequately explained by the examiner or otherwise apparent in the board's review of evidence, there's nothing further to be obtained from that particular examiner. Using that standard, the board and then the veterans court made a determination that the examiner had adequately explained his inability to use the more likely than not terminology. And if in fact he can't give a more likely than not opinion, all of the presumptions are in favor of the veteran. If that were the only evidence of record, but again, in the facts of this case are that there were those four factors, which is one, there was one episode of backstrain and two... What your answer is, looking at his opinion in its entirety and most particularly his assessment of the service connection being based... The only basis is completely unfounded speculation that he was essentially answering. That's just another words to be used to answer that question, right? Yes, your honor. Counselor, I mean, the VA must conduct thousands of these examinations, maybe more than that, a week. It's gotta be quite a few. And many of them say, yes, there's a service connection and many of them say, no, there's no service connection. This case is about those medical opinions where the doctor is saying, I don't know, it could go either way. Isn't that what we're here about? However, the doctor's terms, again, to go back to his terminology, weren't necessarily, I don't know, it's not clear. He said that the only way he could find that there was... But he didn't find that the disability was service connected and he didn't find that it wasn't. Yes, your honor, that is correct. So this is a medical opinion that really gives no opinion. Is that what we have here? No, your honor, because the board and the VA did treat it as an opinion and said that it was adequate and it was appropriate. That's what we're here to review, whether that determination was correct or not. Tell me, on what basis does a board decide against a veteran when you have an opinion that does not state an opinion? On other credible evidence. And the board acts as a fact finder there and weighs its decision based on the credibility and the evidence that's available. But if the medical examiner can't find it, how can the board? The issue here is whether these type of opinions have probative or probative evidence. Explain why a medical opinion that states no opinion is probative evidence, one way or the other. Well, moving back, that would actually be something for the board and the veterans court to find and outside this court's jurisdiction under 7292D, because that is a factual finding, whether it is probative or not. However, even this court's precedent in Hogan versus Peek, where there was a medical examiner which used the same terminology about resort to unfounded speculation, stated that that medical opinion was not non-evidence. It was simply insufficient to establish service connection. And this court held that the letter was competent medical evidence under 38 CFR 3.159A1. So this court has considered medical evidence or medical examiner's report that uses similar language to be competent medical evidence. In other words, is it your view that this was not an opinion, that this offered no opinion, or that the opinion was there is no basis on the record upon which I could conclude in the absence of unfounded speculation that there was any service connection? The latter, Your Honor. That it was not a non-opinion, but that there was no basis in the record to find service connection without unfounded speculation. And that was, and the board made a determination that that was both probative- Why did not the medical examiner say, no, it's not service connected? It is unclear on the record, but the medical examiner offered the four reasons why he stated the basis, why he believed that it could not be determined with 100% certainty. One way or the other. With 100% certainty. Yes, Your Honor. But moving back, this is really a factual challenge because 5103AD does not provide what the contents of a medical opinion should be. And in order to review this particular opinion, this court would have to make a factual finding as to whether the opinion itself was adequate or not. And that fact-finding role is with the board, which was reviewed by the Veterans Court for clear error. So, in essence, this is something outside this court's jurisdiction. For that reason, we ask that you dismiss this appeal or alternatively, if you find a legal issue, that you affirm the Veterans Court's decision below. Thank you, Ms. Grigsby. Mr. Raven. Could you speak for a moment to the jurisdictional question, which you didn't cover, I don't think, in your first opening argument? If the standard under the statute, I mean, there's no explicit standard. It's that it has to be probative. And the board finds that the opinion was sufficiently probative. Why do we have jurisdiction to review the adequacy or inadequacy? I believe the court has jurisdiction to review the statute of 5107B. And from there, under 7292D, I believe it's D, this court has jurisdiction to say whether or not VA examinations must be probative. In other words, whether or not the language of the statute says that the examination must be probative. Am I not answering your question? Yeah, because did the board here or the Court of Veterans Claims say this is a non-probative opinion, but we think it's sufficient? I thought they found it was sufficiently probative. Am I wrong about that? Both the board. No, you were correct. The board and the court both found. OK, so it wasn't a matter of them using the wrong standard. It was a matter of their conclusions applying the correct standard. You make arguments, and they're strong arguments, about why it wasn't probative. But they made a finding that it was. How can we review the content of that finding? Because it's a misapplication of law to undisputed fact, as far as I can say. They found that it was probative, even though it's our position that it's clearly inconclusive. And that inconclusive opinion is synonymous with not having probative value under Hogan and under Hogan and Fagan. I didn't see that in Hogan. Well, under Hogan and Fagan, the test is whether or not if the evidence is pertinent. Because down below, the Veterans Court used to treat these opinions as non-evidence. Perhaps Mr. Carpenter would offer a better explanation than I would. But in any event, I want to make clear that our veterans have a unique opportunity to receive benefits for injuries sustained while they serve this country. The standard of proof is under 38 U.S.C. 5107B. It is not a more likely than not standard. The standard is the benefit of the doubt, which is at least as likely as not. When there is an approximate balance of positive and negative evidence regarding any issue, material to the termination of a matter, the Secretary shall give the benefit of the doubt to the claimant. And it's so clear that when there is an opinion that cannot, when the opinion says it's at least, it could be this, it could be that, and one of them, it's related to service, one could be not related to service, the veteran gets the benefit. Is there anything in this opinion that would suggest that that's what he concluded? I think not, right? He didn't say, well, the evidence is equal on both sides. It could, as to whether it could be service-connected and it couldn't be, and I'm breaking the tie and finding against him. Unfounded speculation that the only argument for service connection is unfounded speculation suggests that it was a 50-50 here, right? Isn't that fair to assume that a finding of unfounded speculation is not 50-50, right? When the doctor says I can't provide an opinion without resorting to speculation, that's not an opinion that the evidence is inequal, or that it's more likely or less likely than not. As my friend said, in this matter, the record is simply unclear. Well, this physician was asked not, I misspoke before, not whether it was more likely than not, but he was asked, is it as likely as not? So he was asked the right question. That's correct. And he said, I can't answer that question, I don't know. Is your position that they should have found another doctor? And it may very well be that no one will know with the passage of time and with the absence of symptoms at various times and so on. Is your position that in such uncertainty, the veteran should always be given the benefit of the doubt? Absolutely. The benefit of the doubt always goes to the veteran. Okay. All right. Thank you, Mr. Ray. Any more questions, Mr. Ray? Thank you, Ms. Grigsby.